**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  20-50205 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-00369-DMS-1 |
| v. | |
| HECTOR MARTINEZ-ROBOS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  20-50341 |
| Plaintiff-Appellee, | D.C. Nos. 3:19-cr-00369-DMS-2 |
| v. | 3:19-cr-00369-DMS |
| ISELA ROSA ACUNA, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, Chief District Judge, Presiding

Argued and Submitted June 6, 2022
Pasadena, California

Before:  M. SMITH, BADE, and VANDYKE, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants Rosa Isela Acuna and Hector Martinez-Robos ask this court to vacate their convictions and Martinez-Robos' sentence for importation of cocaine in violation of 21 U.S.C. §§ 952, 960 and 18 U.S.C. § 2. The parties are familiar with the facts, and so we do not recount them here. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

1. Both defendants argue that the district court erred in not instructing the jury that their co-defendant's out-of-court statements could not be used against the non-declarant defendant pursuant to *United States v. Sauza-Martinez*, 217 F.3d 754 (9th Cir. 2000). However, *Sauza-Martinez* requires a limiting instruction in a joint trial when incriminating hearsay evidence is admissible against one defendant but not another. 217 F.3d at 760. Here, the defendants' statements were not hearsay because they were not offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c)(2). *Sauza-Martinez* does not apply, so no limiting instruction was required.

2. Both defendants contend that cell phone photos of a crystalline substance were inadmissible against them pursuant to Federal Rules of Evidence 403 and 404(b). We disagree. The photos tend to prove a material point and they are sufficiently similar to the charged offenses. *See United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005). The photos were taken and stored on Acuna's phone, and the case agent testified that the substance appeared to be methamphetamine. The district court was not required to give a limiting instruction that the photos were

inadmissible against Martinez-Robos. The photos were permissibly admitted against Martinez-Robos because there was sufficient evidence of his involvement in the other act and there was no unfair prejudice.

3. The district court also did not plainly err in giving the jury instructions on the mens rea requirements for the 21 U.S.C. § 960(a) importation offense that did not follow *McFadden v. United States*, 576 U.S. 186 (2015). *McFadden* concerned a statute that is not at issue here. Neither the Supreme Court, this court, nor the model jury instructions has extended *McFadden* to the 21 U.S.C. § 960(a) importation offense charged here.

4. The prosecutor did not improperly rely on hearsay statements of Martinez-Robos in closing as evidence of Acuna's guilt. Martinez-Robos' statements were not offered for the truth of the matter asserted and so were not hearsay. *See* Fed. R. Evid. 801(c)(2). The Confrontation Clause does not apply to non-hearsay, and so the prosecutor was free to use Martinez-Robos' statements against Acuna. *See United States v. Mitchell*, 502 F.3d 931, 966 (9th Cir. 2007).

5. As to Martinez-Robos, the prosecutor did not violate *Griffin v. California*, 380 U.S. 609 (1965), make an improper argument, or misstate the evidence during summation. The prosecutor's reference to Martinez-Robos' decision not to testify was not improper because it did not suggest that the jury could use his decision as evidence of guilt. *See Lakeside v. Oregon*, 435 U.S. 333, 338 (1978). The

3

prosecutor did not misstate the defense expert's testimony on cross examination, and permissibly asked the jury to make inferences from it.

6.  No new trial is required for either defendant based on a theory of cumulative error.  Because we find no errors, there is also no cumulative error.

7.  Finally, we note that Martinez-Robos concedes that his sentence is correct under current law.  *See United States v. Collazo*, 984 F.3d 1308, 1321-29 (9th Cir. 2021) (en banc).  We express no view on whether his sentence must be reversed if the view of the *Collazo* dissent were governing law.

**AFFIRMED.**